**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN;

EIGHTH DISTRICT ELECTRICAL BENEFIT FUND;

JEREMY ROSS, as Chairman of the Delinquency Committee for the Eighth District Electrical Pension Fund, Eighth District Electrical Pension Fund Annuity Plan and Eighth District Electrical Benefit Fund;

NATIONAL ELECTRICAL BENEFIT FUND;

DENVER ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND;

ROCKY MOUNTAIN CHAPTER, NECA;

NATIONAL LABOR-MANAGEMENT COOPERATION FUND;

DENVER JOINT INDUSTRY PROMOTIONAL FUND; and

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 68.

     Plaintiffs,
v.

SOLUTIONS MECHANICAL, LLC,

     Defendant.

_____

**COMPLAINT**
_____

Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendant Solutions Mechanical, Inc. ("Defendant"), state, allege and aver as follows:

**NATURE OF THE CASE**

1.     This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreements (hereinafter "CBAs") with Plaintiff International Brotherhood of Electrical Workers Local Union No. 68 (hereinafter "Local 68"). This action also seeks to collect working assessments from Defendant due and owing Plaintiff Local 68, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the CBAs, and to collect other contributions owed to Plaintiffs under the CBAs.

**PARTIES**

2.     Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3.     Plaintiff Eighth District Electrical Pension Fund Annuity Plan (hereinafter "Annuity Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff Annuity Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §1132(d).

4.     Plaintiff Eighth District Electrical Benefit Fund (hereinafter "Benefit Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3), and is administered in Colorado, with its principal place of administration at 4704 Harlan Street, Suite 104, Denver,

Colorado. Plaintiff Benefit Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Jeremy Ross (hereinafter "Ross") is a proper party to this action based on his official capacity and fiduciary duties to Plaintiffs Pension Fund, Annuity Plan and Benefit Fund, including the collection of contributions owed to Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund.

6. Plaintiff National Electrical Benefit Fund (hereinafter "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland.  Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

7. Plaintiff Denver Electrical Joint Apprenticeship and Training Trust Fund (hereinafter "JATC") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration for collection purposes at 4704 Harlan Street, Suite 104, Denver, Colorado. Plaintiff JATC is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

8. Plaintiffs Pension Fund, Annuity Plan, Benefit Fund, JATC, and NEBF (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37) and have been established and are maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

9. Plaintiff Rocky Mountain Chapter, NECA (hereinafter "NECA") is an employer association that maintains an Administrative Maintenance Fund (hereinafter "AMF") as authorized

by CBAs with Plaintiff Local 68. Plaintiff NECA maintains its principal office at 495 Uinta Way, Suite 240, Denver, Colorado. Plaintiff NECA is a legal entity that may sue or be sued.

10. Plaintiff National Labor-Management Cooperation Fund (hereinafter "NLMCF") is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a), and Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff NLMCF. Plaintiff NLMCF is a legal entity that may sue or be sued.

11. Plaintiff Denver Joint Industry Promotional Fund (hereinafter "DJIPF") is a local labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a) and Section 302(c)(9) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9). Pursuant to CBAs with Plaintiff Local 68, Plaintiff NECA serves as collection agent for Plaintiff DJIPF. Plaintiff DJIPF is a legal entity that may sue or be sued.

12. Plaintiff Local 68 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and maintains its principal office at 5660 Logan Street, Denver, Colorado. Plaintiff Local 68 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. §185(b).

13. Defendant Solutions Mechanical, LLC ("Defendant"), is a limited liability company organized and existing under the laws of the State of Colorado, with a principal office address at 11801 E. 33rd Avenue, Suite A, Aurora, Colorado 80010; and is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

14. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

15. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs Pension Fund, Annuity Plan, and Benefit Fund are administered in the State of Colorado, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Colorado.

## CAUSE OF ACTION

16. Plaintiffs hereby incorporate by this reference paragraphs 1 through 15 above as if set forth fully herein.

17. Defendant is a party to one or more CBAs with Local 68 through one or more Letters of Assent, and the CBAs govern the terms and conditions of employment of all employees of Defendant performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

18. At all times relevant to this action, Defendant has employed individuals who have performed work covered by the CBAs.

19. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 68 and Defendant.

20. Among other duties imposed under the CBAs, Defendant is required to make contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to

employees of contractors, such as Defendant, who are signatory to the CBAs with Plaintiff Local 68.

21.     Defendant is obligated under the CBAs and Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds. Defendant is required to submit contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established for Plaintiff Funds in the CBAs and incorporated documents.

22.     The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

23.     Defendant has failed to make full contributions to Plaintiff Funds for the hours of covered work performed by its employees under the CBAs during the month of August 2022. As a result, Defendant has breached the CBAs and Trust Agreements, and has breached its obligations under ERISA, 29 U.S.C. § 1145.

24.     Defendant is liable to Plaintiff Funds for delinquent contributions under the CBAs and Trust Agreements in the amount of Eighty-One Thousand Fifty-Eight Dollars and Eleven Cents ($81,058.11) for the month of August 2022. As a result, Defendant has breached the CBAs and Trust Agreements, and has breached its obligations under ERISA, 29 U.S.C. § 1145.

25.     The CBAs, Trust Agreements, and ERISA provided remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest and liquidated damages.

26. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Plan, and JATC for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions. Accordingly, Defendant is liable to Plaintiff Funds for liquidated damages in the amount of Eight Thousand Seven Hundred Ninety-Three Dollars and Thirteen Cents ($8,793.13) assessed upon Defendant's untimely and/or unpaid contributions for the month of August 2022.

27. Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiffs Pension Fund, Benefit Fund, Annuity Fund, and JATC for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and/or unpaid contributions. Accordingly, as of September 29, 2022, Defendant is liable to Plaintiff Funds in the amount of Three Hundred Forty-Nine Dollars and Sixty-Two Cents ($349.62) for interest accrued upon Defendant's untimely and/or unpaid contributions for the month of August 2022. Interest continues to accrue.

28. Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover these fees and costs pursuant to the CBAs, Trust Agreements, and by law.

29. The CBAs with Plaintiff Local 68 require that Defendant make contributions to Plaintiff NECA for the AMF and based upon gross wages paid to employees at the rates specified in the CBAs with Plaintiff Local 68.

30. The CBAs require that Defendant transmit the contributions to Plaintiff NECA for AMF at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent.

31. Defendant has failed to contribute to the AMF for work performed during the month of August 2022. As a result, Defendant has breached the CBAs, and is liable to Plaintiff NECA for delinquent contributions in the amount of One Thousand Three Hundred Seventy-Four Dollars and Sixty-Two Cents ($1,374.62).

32. The CBAs with Plaintiff Local 68 require that Defendant make contributions to Plaintiff NLMCF based upon payroll hours worked at the rates specified in the CBAs. Plaintiff NECA serves as collection agent for Plaintiff NLMCF.

33. The CBAs require Defendant to transmit the contributions for Plaintiff NLMCF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff NLMCF, pursuant to the CBAs Defendant is liable to Plaintiff NLMCF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

34. Defendant has failed to fully contribute to Plaintiff NLMCF for work performed during August 2022. As a result, Defendant has breached the CBAs and is liable to Plaintiff NLMCF for delinquent contributions in the amount of Fifty-Eight Dollars and Forty Cents ($58.40), liquidated damages in the amount of Twenty Dollars ($20), and interest in the amount of Fourteen Cents ($0.14) as of September 29, 2022. Interest continues to accrue.

35. The CBAs with Plaintiff Local 68 require that Defendant make contributions to Plaintiff DJIPF based upon payroll hours worked at the rates specified in the CBAs. Plaintiff NECA serves as collection agent for Plaintiff DJIPF.

36. The CBAs require Defendant to transmit the contributions for Plaintiff DJIPF to Plaintiff NECA, as collection agent, at the end of each month. Contributions not made to Plaintiff NECA by the 15th of the following month are deemed delinquent. In addition to the delinquent contributions to Plaintiff DJIPF, pursuant to the CBAs Defendant is liable to Plaintiff DJIPF for liquidated damages at the rate of fifteen percent (15%) but not less than Twenty Dollars ($20.00) per month, and interest at the rate of ten percent (10%) per annum as set forth in the CBA.

37. Defendant has failed to fully contribute to Plaintiff DJIPF for work performed during August 2022. As a result, Defendant has breached the CBAs and is liable to Plaintiff DJIPF for delinquent contributions in the amount of Six Hundred Sixty-Eight Dollars and Twenty-Two Cents ($668.22), liquidated damages in the amount of Twenty Dollars ($20), and interest in the amount of Two Dollars and Ten Cents ($2.10) as of September 29, 2022. Interest continues to accrue.

38. The CBAs require that Defendant deduct work assessments from the wages of all covered employees based upon each payroll hour worked by such employees. The work assessments are to be deducted in accordance with the terms of an individual and written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

39. The terms of the dues authorizations and CBAs require Defendant to transmit the working assessments deducted from the wages of the covered employees to Plaintiff Local 68 at

the end of each month. Dues transmittals not made by the 15th of the following month are deemed delinquent.

40.     Defendant has failed to transmit in full to Plaintiff Local 68 work assessments deducted from the wages of covered employees for work performed during August 2022. As a result, Defendant is in breach of the CBAs and each individual dues authorization, and is liable to Plaintiff Local 68 for delinquent working assessments in the amount of Eight Thousand Two Hundred Fifty-Six Dollars and Fifty-Seven Cents ($8,256.57).

41.     Additionally, Defendant's failure to make contributions to Plaintiffs as required by the CBAs, Trust Agreements of Plaintiff Funds, and pursuant to ERISA, is ongoing and continuing, and Plaintiffs request an award of contributions and working assessments, as well as associated liquidated damages, interest, attorneys' fees and costs of collection for September 2022 and all future months during the pendency of this action for which Defendant fails to contribute to Plaintiffs, in an amount to be determined in this action. Plaintiffs also request Defendant be ordered to submit timely contributions and reports to Plaintiffs as they become due.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against the Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, interest and working assessments for the month of August 2022 in the total amount of One Hundred Thousand Six Hundred Dollars and Ninety-One Cents ($100,600.91), plus interest accruing after September 29, 2022;

(3) Ordering Defendant to pay any and all amounts that are determined due and owing for work performed in September 2022 and subsequent months after the filing of this action for which Defendants fail to submit reports, contributions, and work assessments, plus liquidated damages, interest, and other damages as may be determined to be due as of the date judgment is entered;

(4) Ordering Defendant to submit timely contributions and reports to Plaintiffs as they become due;

(5) Awarding Plaintiff Funds their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions, liquidated damages, and/or interest found to be due and owing to Plaintiffs; and

(6) Granting Plaintiffs such other relief that the Court deems just and proper.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

 *s/ Eric C. Beckemeier*
Eric C. Beckemeier
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone:   (913) 321-8884
Facsimile:    (913) 321-2396
ECB@blake-uhlig.com
*Attorneys for Plaintiffs*

Dated: October 3, 2022